UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-69-FDW

| JOSE JUAN GONZALEZ MARTINEZ, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| GEORGE SOLOMON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his conviction for trafficking a Schedule VI controlled substance (principal). In his pro se complaint, Plaintiff alleges that one or more defendants are discriminating against him because he is a Mexican national. Specifically, Plaintiff contends that he and other Latinos are prohibited from accessing certain programs and activities that are made available to other inmates. In addition, Plaintiff alleges that he is prohibited from speaking Spanish, he is not served Mexican food at least once a week, he is not allowed 30-minutes of time to play soccer, and he is denied a Spanish newspaper, and he is unfairly denied promotion to minimum custody. (1:14-cv-69, Doc. No. 1 at 3-4).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or

1

dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.  DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must satisfy to the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See

Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Plaintiff participated in the administrative remedy procedure by filing a grievance which stated the following:

> MVCI [Mountain View Correctional Institution] must take reasonable steps to provide [us] with meaningful access to all the programs and activities, including but not limited to minimum custody classification and not be denied only because [Plaintiff is] a Mexican National.

(Id. at 1-2).

Although Plaintiff appears to have exhausted his administrative remedies through Step Three with regard to his complaint about being denied minimum custody status, Plaintiff failed to present any specific arguments in his grievance to prison officials regarding the

programs or activities that he was being denied. To wit, he did not complain in his grievance that he was denied Mexican food, or access to a Spanish newspaper or access to the recreation yard, which are some of the contentions which he raises in his complaint. Accordingly, it would appear that Plaintiff has failed to exhaust his administrative remedies with regard to all allegations in his complaint save the allegation that he should be placed on minimum custody. These claims will therefore be dismissed.

Plaintiff's challenge to his minimum custody status fares no better. Plaintiff appears to be making an argument that he is being denied equal protection of the law because he is being denied placement on minimum custody and he concludes that this denial is based on his status as a Mexican national. However, as the grievance examiner explained, Plaintiff was denied minimum custody status because a Federal immigration detainer had been filed against him and Plaintiff presents no persuasive argument or case law which challenges the legality of denying minimum custody status when a Federal immigration detainer has been filed. See e.g., Martinez v. Hall, No. 09-CT-3074-BO, 2011 WL 744146 (E.D.N.C. Feb. 23, 2011) (discussing North Carolina Department of Corrections' express policy regarding security concerns and classification of those placed on Federal immigration detainers and denying plaintiff's argument that denial of minimum custody classification violates the equal protection clause of the Fourteenth Amendment).

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 17, 2014

Frank D. Whitney
Chief United States District Judge