UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-69-FDW

| JOSE JUAN GONZALEZ MARTINEZ, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| GEORGE SOLOMON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of the following motions filed by Plaintiff, who is proceeding pro se and is a prisoner of the State of North Carolina: Plaintiff's motion to reconsider the dismissal of his complaint which he filed pursuant to 42 U.S.C. § 1983; Plaintiff's motions for appointment of counsel; and Plaintiff's motions for a temporary restraining order.

    A.    Motion to Reconsider

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the

1

narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

After considering Plaintiff's motion, the Court finds that he has not demonstrated the existence of any of the limited circumstances under which a Rule 59(e) motion may be granted and the Court will therefore deny the motion for reconsideration.

B.      Motions to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts are advised to exercise discretion in deciding whether to appoint counsel in pro se cases and should do so "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) (internal citation omitted). Whether exceptional circumstances exist to justify the appointment of counsel is dependent upon "the type and complexity of the case, and the abilities of the individual bringing it." Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Although the court is authorized by statute to appoint counsel in civil actions, the court finds that Plaintiff has failed to demonstrate that his case justifies appointment of counsel. See 28 U.S.C. § 1915(e)(1).

C.      Motions for Temporary Restraining Orders

Through these motions, Plaintiff moves the Court to issue a temporary restraining order which would enjoin the defendants from holding him for 48 hours past his actual release date from State custody. Plaintiff states that he has an "Immigration Detainer" filed against him by Immigration and Customs Enforcement (ICE) and that State prison officials plan to honor the detainer and restrain him for up to 48 hours past his projected release date so that ICE official may assume custody of him. According to Plaintiff, his release date is October 25, 2015. (1:14-cv-69, Doc. No. 12 at 3). First, Plaintiff did not plead any such claim in his complaint and he has filed no

motion to amend the complaint. Second, even if he had presented allegations in his complaint regarding the possibility of a future detention, the temporary restraining order would likely be denied because his contention that he <u>may</u> suffer future detention, and that is, in October 2015, is insufficient to support the extraordinary remedy of issuing the requested relief.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 8).

2. Plaintiff's motions for appointment of counsel are **DENIED**. (Doc. Nos. 9, 11).

3. Plaintiff's motions for temporary restraining orders are **DENIED**. (Doc. Nos. 12, 13).

**IT IS SO ORDERED.**

Signed: January 9, 2015

Frank D. Whitney
Chief United States District Judge